# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Donald Eugene Griffin, Jr., #175349, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 2:09-2136-PMD |
| v. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Probation, Parole and Pardon | ) | |
| Services; Samuel | ) | |
| B. Glover, Director, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Donald Eugene Griffin, Jr.'s Objections to a United States Magistrate Judge's Report and Recommendation ("R&R"), which recommended the court dismiss the complaint without prejudice and without issuance and service of process. Having reviewed the entire record, including Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

In 1991, Plaintiff was convicted of kidnapping and is currently serving a life sentence at the Lee Correctional Institution. Plaintiff, appearing *pro se* and *in forma pauperis*, filed this 1983 suit against the Defendants, alleging that his due process rights were violated when both his Freedom of Information Act (FOIA) requests were denied by the South Carolina Department of Probation, Parole and Pardon Services. Plaintiff, who is serving a parole-eligible sentence, requested the documents used to support the department's decision to deny him parole. Plaintiff

requests an order from the court clarifying his "right of access" to these documents. The Magistrate Judge recommended the court summarily dismiss this claim.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION OF PLAINTIFF'S OBJECTIONS

In his complaint, Plaintiff claims to have made a state FOIA request, as well as a request under the Privacy Act, for documents used against him to support the parole board's decision to deny him participation in the rehabilitative efforts of South Carolina's parole program. Plaintiff now claims that his due process rights entitle him to the documents and monetary compensation.

The Magistrate Judge recommended that the court dismiss Plaintiff's claims because a South Carolina FOIA request from a South Carolina agency does not give rise to a federal question that would support jurisdiction over this matter. (R&R at 3.) The Magistrate Judge also concluded that any federal FOIA requests or Privacy Act requests made by Plaintiff only apply to federal agencies. Since Plaintiff failed to raise a federal claim, the Magistrate Judge concluded the court could not exercise supplemental jurisdiction over his state law claim. (*Id.*) In his objections, Plaintiff continues to argue that his claim arises "out of state officials denying [his] request for documents under the State's FOIA . . . ;" that he "utilized a State FREEDOM OF INFORMATION ACT . . . as a method of discovery;" and that "a State FOIA may be utilized as a method of discovery." Based on these arguments, Plaintiff reasserts in his objections that the Defendants, acting under the color of state law, violated his due process rights of the Fourteenth Amendment by denying him meaningful access to the requested documents.

After reviewing Plaintiff's objections, the court agrees with the Magistrate Judge's recommendation and dismisses Plaintiff's complaint. A claim for violation of the South Carolina Freedom of Information Act is a state claim which should be heard in state court. *James v. Jackson*, No. 9:08-0144, 2008 U.S. Dist. LEXIS 109864, *25 (D.S.C. Mag. J. Dec. 30, 2008), *accepted by*, 2009 U.S. Dist. LEXIS 8217 (D.S.C., Feb. 4, 2009), *aff'd*, 2009 U.S. App. LEXIS 24442 (4th Cir. Nov. 6, 2009). Moreover, any federal FOIA request and the Privacy Act apply only to federal agencies, *see* 5 U.S.C. § 552 (f)(1), § 552a, and a federal agency is not named in this suit. Since there is no independent basis for maintaining this state law claim in federal court, it is dismissed, without prejudice. This will allow Plaintiff to pursue this claim in state court, should he choose to do so.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff Donald Eugene Griffin, Jr.'s complaint is **DISMISSED**, without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 19, 2009**
**Charleston, SC**